JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PATRICIA ELIZABETH SMEAL, ET AL | NACCO MATERIAL HANDLING GROUP AS SUCCESSOR TO HYSTER COMPANY |

**(b)** County of Residence of First Listed Plaintiff  **LANCASTER COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Cass**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES LONG, Esquire, Belluck & Fox, 546 Fifth Avenue, 4th Floor, New York, NY 10036

Attorneys *(If Known)*
Brian Cocoran, Esquire, Reilly, McDevitt & Henrich
One South Penn Square, Suite 400
Philadelphia, PA 19107

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☒ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
asbestosis

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
12/16/2019

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19   5950

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 71 Maytown Avenue, Elizabethtown, PA 17022 _____

Address of Defendant: _____ 5875 Landerbrook Drive, Suite 300 Cleveland, OH 44124 _____

Place of Accident, Incident or Transaction: _____ New Cumberland Army Depot _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/16/2019   _____   203392
_____   _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* _____ Federal Enclave _____

**B.   *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12-16-19   _____   203392
_____   _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

DEC 16 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Patricia Elizabeth Smeal, et al.          :          CIVIL ACTION
        vs.                               :
Clark Equipment Company c/o               :
Ct Corporation Systems, et al.            :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          (✓)

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| 12-16-19 | _B.__ Cr_ | Hyster-Yale Group, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 972-5200 | (215) 972-0405 | bcorcoran@rmh-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APPENDIX G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA ELIZABETH SMEAL,
ET AL
       :
       :
    V.     :   Civil Action
       :   No: _ _____ __ ___ _ __
CLARK EQUIPMENT COMPANY,
ET AL
       :

### DISCLOSURE STATEMENT FORM

Please check one box:

☐   The nongovernmental corporate party, _____
, in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

☑   The nongovernmental corporate party,   Hyser-Yale Group, Inc.  
, in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

Hyster-Yale Group, Inc. identifies as its parent company Hyster-Yale
Materials Handling, Inc. No other publicly held company owns more than
10% of Hyster-Yale Group, Inc.

12/16/2019
_____
Date           Signature

Counsel for:   Hyster-Yale Group, Inc.

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a) WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
two copies of a disclosure statement that:

 (1) identifies any parent corporation and any publicly held corporation
owning10% or more of its stock;  or

 (2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

 (1) file the disclosure statement with its first appearance, pleading,
petition, motion, response, or other request addressed to the court;
and

 (2) promptly file a supplemental statement if any required information
changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| PATRICIA ELIZABETH SMEAL EXECUTRIX OF THE ESTATE OF GORDON CARL SMEAL, SR. INDIVIDUALLY AND IN HER OWN RIGHT<br><br>        PLAINTIFFS,<br><br>    vs.<br><br>CLARK EQUIPMENT COMPANY C/O CT CORPORATION SYSTEMS<br>        and<br>NACCO MATERIAL HANDLING GROUP AS SUCCESSOR TO HYSTER COMPANY,<br><br>        DEFENDANTS. | CIVIL ACTION<br><br><br>NO. |

## NOTICE OF REMOVAL

Defendant, NACCO Material Handling Group now known as Hyster-Yale Group, Inc., a Delaware corporation ("Defendant Hyster-Yale Group"), by its attorneys, Reilly, McDevitt & Henrich hereby file this Notice of Removal from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction and Federal Enclave and based on the following:

1. Plaintiff commenced this action by Complaint filed on November 1, 2019 in the Court of Common Pleas of Philadelphia County, Pennsylvania docketed as November 2019 Term, No. 00138. (A copy of the Complaint is attached hereto and marked as Exhibit A).

2. The Complaint was served on Defendant Hyster-Yale Group on November 19, 2019.

3.  The Complaint states that Plaintiffs, Gordon Carl Smeal and Patricia Elizabeth Smeal, are citizens of the Commonwealth of Pennsylvania, residing at 71 Maytown Avenue, Elizabethtown, PA 17022. Therefore, upon information and belief, Plaintiffs are citizens of the Commonwealth of Pennsylvania.

4.  Defendant Hyster-Yale Group is incorporated in Delaware with a principal place of business in Cleveland, OH.

5.  Defendant Hyster-Yale Group is not incorporated in Pennsylvania and its principal place of business has never been Pennsylvania. Therefore, Defendant Hyster-Yale Group is not a resident of Pennsylvania.

6.  Defendant, Clark Equipment Company, is incorporated in Delaware with a principal place of business in West Fargo, ND.

7.  In 1992, the material handling assets and liabilities of Clark Equipment Company, associated with its forklift business, were transferred to Clark Material Handling Company, which remains in existence today as a separate and distinct entity not under the control, supervision or guidance of Clark Equipment Company.

8.  Prior to the transfer in 1992, Clark Equipment Company had its headquarters in South Bend, IN with its principal manufacturing facilities for its forklift business in Michigan.

9.  Defendant Clark Equipment Company is not incorporated in Pennsylvania and its principal place of business has never been Pennsylvania. Therefore, Clark is not a resident of Pennsylvania.

10. Based upon the allegations of Plaintiff's Complaint, the amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of costs

and interest, as Plaintiffs' have alleged damages in excess of $50,000 in the Complaint.

11. As such, this Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 based upon the fact that there exists a diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

12. Pursuant to 28 U.S.C. § 1441(b), the Defendant is not a citizen of Pennsylvania where the action was brought. This lawsuit could have been brought originally before this Honorable Court under 28 U.S.C. § 1332. Therefore, this lawsuit is properly removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

13. Additionally, Plaintiff has previously claimed his asbestos exposure occurred while working on forklifts for thirty-eight years at the New Cumberland Army Depot in Smeal v. Air & Liquid Ss. Corp., 2019 NY Slip Op 334444(U) ¶ 1 (Sup. Ct.). (See G. Smeal Dep. 106-107 attached as Exhibit B).

14. "Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal questions jurisdiction." Smelser v. Sandia Corp., 2018 U.S. Dist. LEXIS 54037, citing Allison v. Boeing Laser Tech. Services, 689 F.3d 1234, 1235 (10th Cir. 2012).

15. New Cumberland Army Depot is a federal enclave, as it has been referred to as such by the Third Circuit Court of Appeals. United States v. White, 145 Fed. Appx. 786, 2005 U.S. App. LEXIS 21377 at 1.

16. Presently, Plaintiff is claiming he was exposed to asbestos through his work at New Cumberland Army Depot.

17. Therefore, this lawsuit is properly removed to this Honorable Court through Federal

Enclave jurisdiction since the New Cumberland Army Depot is a federal enclave.

18. Defendant Hyster-Yale Group consents and joins in removal with Defendant Clark Equipment Company.

19. This Notice of Removal has been filed within thirty days after receipt by Defendant of the Complaint in accordance with 28 U.S.C. § 1446(b).

20. Copies of all process, pleadings and other Orders which have been received by Defendant in this action are filed herewith.

WHEREFORE, Defendant, Hyster-Yale Group, respectfully requests that it may affect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the Unites States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**Reilly, McDevitt & Henrich, P.C.**

By: _____

      Brian P. Corcoran
      PA Attorney ID No. 203392
      bcorcoran@rmh-law.com
      Joseph Reilly
      PA Attorney ID No. 319677
      jreilly@rmh-law.com
      One South Penn Square Suite 400
      Philadelphia, PA 19107
      (215) 972 – 5200

Date: 12/16/19

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| **PATRICIA ELIZABETH SMEAL EXECUTRIX OF THE ESTATE OF GORDON CARL SMEAL, SR. INDIVIDUALLY AND IN HER OWN RIGHT** <br>       **PLAINTIFFS,** <br><br>      **vs.** <br><br> **CLARK EQUIPMENT COMPANY C/O CT CORPORATION SYSTEMS** <br>      **and** <br> **NACCO MATERIAL HANDLING GROUP AS SUCCESSOR TO HYSTER COMPANY,** <br><br>      **DEFENDANTS.** | **CIVIL ACTION** <br><br> **NO.** |

**CERTIFICATION**

I, Brian Corcoran, Esquire, hereby certify that the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

**Reilly, McDevitt & Henrich, P.C.**

By: _____
Brian P. Corcoran
PA Attorney ID No.  203392
bcorcoran@rmh-law.com
One South Penn Square Suite 400
Philadelphia, PA 19107
(215) 972 – 5200

Date: _12|16|19_

| | |
|---|---|
| ]PATRICIA ELIZABETH SMEAL EXECUTRIX OF THE ESTATE OF GORDON CARL SMEAL, SR. INDIVIDUALLY AND IN HER OWN RIGHT<br><br>PLAINTIFFS,<br><br>vs.<br><br>CLARK EQUIPMENT COMPANY C/O CT CORPORATION SYSTEMS<br>and<br>NACCO MATERIAL HANDLING GROUP AS SUCCESSOR TO HYSTER COMPANY,<br><br>DEFENDANTS. | CIVIL ACTION<br><br>NO. |

## CERTIFICATION

I, Brian Corcoran, Esquire, hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following party via electronic service, on the below date:

James C. Long
Belluck & Fox, LLP
546 Fifth Avenue, 5th Floor
New York, NY 10036

Reilly, McDevitt & Henrich, P.C.

By: _____

Brian P. Corcoran
PA Attorney ID No. 203392
bcorcoran@rmh-law.com
One South Penn Square Suite 400
Philadelphia, PA 19107
(215) 972 – 5200

Date: 12/6/19

# EXHIBIT "A"

# ⁚ BELLUCK & FOX ₋₋ₚ

546 Fifth Avenue, 4th Floor, New York, New York 10036
Tel (212) 681-1575 Fax (212) 681-1574
www.belluckfox.com

May 11, 2017

***Via Certified Mail, RRR***
Nacco Materials Handling Group, Inc.
5875 Landerbrook Drive, Suite 300
Cleveland, OH 44124

> **Re:** **Patricia Elizabeth Smeal, Executrix of The Estate of Gordon Carl Smeal, Sr., Individually And In Her Own Right v. Nacco Materials Handling Group, Inc., et al.**

Dear Counsel:

Enclosed please find one true and correct copy of Plaintiff's Complaint for the above-captioned case, the original of which has been duly filed with the Court. Service of this Complaint is being effected under the applicable Pennsylvania Rules of Civil Procedure.

Kindly forward this Complaint to your carrier for proper response and request that they advise us if they need an extension of time to answer or otherwise plead.

Thank you for your courtesies.

Sincerely,

Shari Franklin
Paralegal

Enclosures



Filed and Attested by the
Office of Judicial Records
01 NOV 2019 08:30 pm

BELLUCK & FOX, LLP
BY: JAMES C. LONG, ESQUIRE
ATTORNEY IDENTIFICATION NO. 22098
546 FIFTH AVENUE, 5TH FLOOR
NEW YORK, NY 10036
(212) 681-1575

ATTORNEY FOR PLAINTIFF(S)

Plaintiffs:

PATRICIA ELIZABETH SMEAL, EXECUTRIX
OF THE ESTATE OF GORDON CARL SMEAL,
SR., INDIVIDUALLY AND IN HER OWN RIGHT
71 MAYTOWN AVENUE
ELIZABETHTOWN, PA 17022

v.

Defendants:

CLARK EQUIPMENT COMPANY
C/O CT CORPORATION SYSTEMS
600 N. 2ND STREET, SUITE 401
HARRISBURG, PA 17101

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

TERM

No.

ASBESTOS LITIGATION

COMPLAINT - CIVIL ACTION (2. PERSONAL INJURY)
26035 ASBESTOS

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partif de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: 215-238-1701 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA SERVICIO DE DEFERENCIA E INFORMACIÓN LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telephone: 215-238-1701 |

Case ID: 191100138

NACCO MATERIAL HANDLING GROUP
AS SUCCESSOR TO HYSTER COMPANY
5875 Landerbrook Drive, Suite 300
Cleveland, OH 44124

BELLUCK & FOX, LLP
546 FIFTH AVENUE, 4TH FLOOR = NEW YORK, NY 10036

Case ID: 191100138

BELLUCK & FOX, LLP
BY: JAMES C. LONG, ESQUIRE
ATTORNEY IDENTIFICATION NO. 22098
546 FIFTH AVENUE, 5TH FLOOR
NEW YORK, NY 10036
(212) 681-1575

ATTORNEY FOR PLAINTIFF(S)

Plaintiffs:                                    :        PHILADELPHIA COUNTY
                                               :        COURT OF COMMON PLEAS
PATRICIA ELIZABETH SMEAL, EXECUTRIX            :        CIVIL TRIAL DIVISION
OF THE ESTATE OF GORDON CARL SMEAL,            :
SR., INDIVIDUALLY AND IN HER OWN RIGHT         :
71 MAYTOWN AVENUE                              :                          TERM
ELIZABETHTOWN, PA 17022                        :
                                               :        No.
             v.                                :
                                               :        ASBESTOS LITIGATION
Defendants:                                    :
                                               :
CLARK EQUIPMENT COMPANY                        :
C/O CT CORPORATION SYSTEMS                     :
600 N. 2ND STREET, SUITE 401                   :
HARRISBURG, PA 17101                           :


## COMPLAINT - CIVIL ACTION (2. PERSONAL INJURY)
## 26035 ASBESTOS

Plaintiff incorporates by reference Plaintiffs' Master Long Form Complaint In Re: Asbestos Litigation in Philadelphia Court of Common Pleas, filed as of October Term, 1986, No. 8610-0001.  Pursuant to an Order dated July 30, 1986 and signed by the Honorable Richard B. Klein and the Honorable Edward J. Blake the following short form complaint is utilized in this asbestos action.

1. This Complaint involves the claims of the following persons:

   a.  Plaintiff – Decedent:

      Name:      Gordon Carl Smeal, Sr.

      Address:    71 Maytown Avenue, Elizabethtown, PA 17022

      Date of Birth:  April 15, 1938

      Date of Death:  August 10, 2019

   b.  Spouse ("Plaintiff-Spouse"):

      Name:      Patricia Elizabeth Smeal

      Date of Birth:  April 2, 1945

   c.  Plaintiff (Executrix):

      Name:      Patricia Elizabeth Smeal

2.    Plaintiff brings this action by virtue of her as Executrix of decedent's estate. Plaintiff was appointed Executrix on August 28, 2019 in Lancaster County, Pennsylvania.

3.    Plaintiffs may have named as defendants other entities that may be responsible for the manufacture, distribution, and/or supply of products that contained asbestos, except that each of these entities has filed for relief or been forced into involuntary bankruptcy under the United States Bankruptcy Code and, pursuant to 11 U.S.C. '362, the institution of actions against these entities is stayed.

A.    Defendant, **CLARK EQUIPMENT COMPANY**, is a corporation doing business in the Commonwealth of Pennsylvania. At times material hereto, defendant, Clark Equipment Company, manufactured, produced and sold either directly or indirectly, in the geographical area in which plaintiff worked and or to the employers of the plaintiff and or to contractors on job sites, asbestos-containing products and asbestos materials.

B.    Defendant, **NACCO MATERIAL HANDLING GROUP**, As Successor to Hyster Company, is a corporation doing business in the Commonwealth of Pennsylvania. At times material hereto, defendant, NACCO Material Handling Group, manufactured, produced and sold either directly or indirectly, in the geographical area in which plaintiff worked and or to the employers of the plaintiff and or to contractors on job sites, asbestos-containing products and asbestos materials.

5.    Plaintiff's employment history, to the extent possible at this time, is attached hereto as Schedule 1.

Case ID: 191100138

6.   Plaintiff was diagnosed with Mesothelioma on or about January 2018.

7.   Plaintiff's smoking history is as follows: Plaintiff smoked approximately one pack per day from approximately 1955 to approximately 1974.

8.   A claim for lost wages will be asserted at time of trial, if applicable.

BELLUCK & FOX, LLP

By:  _James C. Long_ .

James C. Long, Esquire

Case ID: 191100138

**Verification**

I hereby certify that I am one of the Plaintiffs in the instant matter and that the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made to the penalties of 18 PA C.S.A 4904 relating to unsworn falsification to authorities.

*Patricia Elizabeth Smeal*
Patricia Elizabeth Smeal

Case ID: 191100138

## PLAINTIFF'S WORK HISTORY - SCHEDULE 1

| Commencement | Cessation | Employer | Job Description |
|---|---|---|---|
| 1957 | 1960 | US Navy | Aviation Storekeeper |
| 1965 | 1968 | Clayton Construction | Laborer |
| 1969 | 1969 | Selecto Flash | Laborer |
| 1972 | 1974 | Flack Bros. | Insulator |
| 1994 | 1998 | New Cumberland Army Depot | Tool & parts attendant |

Case ID: 191100138

# EXHIBIT "B"

84

1                     SUPERIOR COURT OF NEW YORK
                           NEW YORK COUNTY
2

GORDON SMEAL and
3 PATRICIA SMEAL,

4           Plaintiffs,

                                      INDEX NO.
5 vs.                                 190145/18
                                      VOLUME II
6 A.O. SMITH WATER PRODUCTS,
  et al.,
7

            Defendants.
8

9 _____/

10      CONTINUED DISCOVERY DEPOSITION OF GORDON SMEAL

11         Taken by the Defendants on the 4th day

12         of October, 2018, by Cheryl Nicholas, CSR,

13         RPR, at the Holiday Inn Harrisburg East,

14         815 S. Eisenhower Boulevard, Middletown,

15         Pennsylvania, at 10:08 a.m.

16         Job No. 3014241

17

18

19

20

21

22

23

24

25

105

1     A. Oh, yes.
2     Q. Okay. So when you were putting new product
3 on to the boilers can you walk me through the steps
4 that you took to do that?
5     A. Well, we would take the old off and then
6 clean it with rags and everything, brooms, get
7 everything down on the floor. Get the dust up. You
8 got to always take the dust up.
9     And then we would start measuring around
10 the boiler, you know, if it's round or square or how
11 tall and stuff. They already did that for us. They
12 had material there, the calcium to put on.
13     Then we'd start putting it on and wiring,
14 you know. Then we'd have buckets of the mud and we
15 would get our trowels out and start mudding it and it
16 would harden up.
17     Q. Do you remember if that mud had any brand
18 or trade name associated with it?
19     A. No.
20     Q. Where -- did your employer Flack Brothers
21 provide that material for you?
22     A. I don't understand.
23     Q. How did that material get to the work site?
24 Was that the material you picked up at the Harrisburg
25 site?

106

1     A. No, that was already delivered there. I
2 don't know how long it had been there. But different
3 jobs I guess they had all over the state, different
4 crews going out.
5     Q. So you wouldn't know who supplied that
6 product?
7     A. No.
8     Q. What is the next job that you can recall
9 having after Flack Brothers?
10     A. New Cumberland Army Depot.
11     Q. Do you recall what year it was when you
12 started working for the New Cumberland Army Depot.
13     A. '73, '75. I'm not sure.
14     Q. How long did you work there?
15     A. Thirty-eight years.
16     Q. What was your job title at the New
17 Cumberland Army Depot?
18     A. Tool and parts attendant.
19     MR. CHETTA: I'm sorry, what was that?
20     MR. RYAN: Tool and parts attendant.
21 BY MS. MITER:
22     Q. And was your employer the United States
23 Government?
24     A. Correct.
25     Q. Where was the New Cumberland Army Depot

107

1 located?
2     A. New Cumberland, PA.
3     Q. And what was the purpose of the Army Depot?
4     A. To resupply, you know, all of the Army
5 sites and everything. Vietnam and Korea, World War
6 II. It's a defense supply depot. We supplied
7 everything for everything.
8     Q. Okay. And was this also a full-time job?
9     A. Yes.
10     Q. Forty hours a week?
11     A. Yes.
12     Q. Did you work Monday through Friday?
13     A. Yes.
14     Q. And you reported directly to the Army Depot
15 each day; is that correct?
16     A. Yes.
17     Q. What were your job duties as a tool and
18 parts attendant?
19     A. Well, the main thing is issuing parts all
20 the time, parts, parts. And tools when they needed
21 tools to rip stuff apart. Like a lot of the
22 mechanics next door they'd need different parts if
23 they broke something or they're putting brake shoes
24 or brake drums or putting generators on, alternators.
25 Anything that has to do with forklifts.

108

1     Q. So were you issuing parts to other areas of
2 the Army depot?
3     A. No, they would come to us and we would
4 issue separate parts. But mainly our main people
5 were the engineers and mechanics.
6     Q. So how did that process work when someone
7 would need a part or a piece of material?
8     A. Well, usually they would come in and say
9 exactly what they wanted and then we would know where
10 it's at.
11     Q. You mentioned mechanics that were -- did
12 you say next door to you?
13     A. Yes. There was always 20 or more mechanics
14 in there because they had all these different
15 forklifts. They had Hyster, Clarks, Yales, and stuff
16 like that.
17     Q. Are you finished with your answer?
18     A. I'm trying to remember.
19     Q. Take your time.
20     MR. RYAN: She hasn't asked you who made
21 them, so why don't you wait until she asks you that.
22     THE WITNESS: Okay, I can't remember any
23 more right now.
24 BY MS. MITER:
25     Q. Okay. I'll ask you who made them. I want

7 (Pages 105 to 108)